UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GRINNELL MUTUAL REINSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Civil Case No. 1:18-cv-520 ) |
| JESSICA JAMES, and ADREAN HACK, | ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Grinnell Mutual Reinsurance Company ("Grinnell Mutual"), by counsel, Cantrell Strenski & Mehringer, LLP, for its Complaint for Declaratory Judgment against Defendant Jessica James ("James") and Defendant Adrean Hack ("Hack") states as follows:

1. This is a civil action for declaratory and other relief brought pursuant to the provisions of 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure for the determination of a controversy between Plaintiff Grinnell Mutual and Defendants, James and Hack, arising out of an insurance contract.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action involves citizens of different states and the amount in controversy, without interest and costs, exceeds the value specified by 28 U.S.C. § 1332 ($75,000.00). The Complaint for Damages in the Underlying Lawsuit (hereinafter defined) filed by Hack against James alleges that on or about October 28, 2017, James negligently operated a vehicle in which Hack was a passenger causing a one car accident resulting in damages to Hack; the Counter-Claim for Damages in the Underlying Lawsuit filed by James against Hack alleges that it was Hack who negligently operated

the vehicle in which James was a passenger causing the October 28, 2017 accident resulting in damages to James. (See ¶¶ 21-27, 28-35 herein). Moreover, the Grinnell Mutual Policy (hereinafter defined) contains a $100,000 each person liability limit and a $300,000 each accident limit. (See ¶ 7 herein), and counsel for Hack has demanded policy limits of $100,000 from Grinnell Mutual based on Hack's injuries and damages, including medical bills incurred totaling $49,912.08. (See Demand Letter dated January 29, 2018 attached as **Exhibit 1**).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because the Court has personal jurisdiction over Defendant Hack and Defendant James, whose residences are located in this district. Moreover, a substantial part of the events, namely the automobile accident triggering the Underlying Lawsuit, occurred in this district.

## PARTIES

4. Plaintiff, Grinnell Mutual, is a domestic insurance company incorporated under the laws of the State of Iowa. See Iowa Code § 506. Grinnell Mutual has its principal place of business and corporate headquarters in Grinnell, Iowa. Grinnell Mutual is therefore a citizen of the State of Iowa pursuant to 28 U.S.C. § 1332(c)(1).

5. Defendant Hack is domiciled at 1980 West Dixie Bee Road, Covington, Fountain County, Indiana, 47932, and he is a citizen of the State of Indiana

6. Defendant James is domiciled at 610 North Main Street, Veedersburg, Fountain County, Indiana, 47987, and she is a citizen of the State of Indiana.

## BACKGROUND

7. Grinnell Mutual issued Personal Auto Policy, Policy No. 0000610136, to Robert Doan with a policy period of August 1, 2017 to February 1, 2018 (the "Grinnell Mutual Auto Policy"). The Grinnell Mutual Auto Policy provides liability coverage of $100,000 per person and

$300,000 each accident. A true and accurate copy of the Grinnell Mutual Auto Policy, including the Declarations, is attached as **Exhibit 2**.

8. The Declarations Page of the Grinnell Mutual Auto Policy listed two vehicles, including a 2015 Lincoln MKZ Sedan with Vehicle Identification Number 3LN6L2J97FR602862 ("the Doan Vehicle").

9. Robert Doan died on or about August 2, 2017.

10. On August 11, 2017, the Fountain County Circuit Court entered an order finding that James was entitled to qualify as Personal Representative of the Estate of Robert Doan. The Court further directed the Clerk to issue Letters for the Unsupervised Administration of the estate of Robert Doan to James. (See August 11, 2017 Order of the Fountain Circuit Court, attached hereto as **Exhibit 3**).

11. On August 14, 2017, the Clerk of the Fountain Circuit Court issued Letters of Administration authorizing James to administer the estate of Robert Doan. (August 14, 2017, Letters of Administration, attached hereto as **Exhibit 4**).

12. On October 28, 2017, the Doan Vehicle was involved in a single vehicle accident ("the Accident").

13. The Accident occurred when the Doan Vehicle, which had been traveling south on South Girls School Road, approached the intersection with North Perimeter Road in Indianapolis. At the intersection, South Girls School Road came to an end. However, the Doan Vehicle proceeded through the intersection and off the road striking a guard rail and coming to a stop south of the intersection.

14. Both Hack and James were occupants of the Doan Vehicle at the time of the Accident.

15. Subsequent to the Accident, on October 31, 2017, counsel representing Hack sent a letter of representation to Grinnell Mutual ("Hack Representation Letter"). A true and accurate copy of the Hack Representation Letter is attached as **Exhibit 5**.

16. The Hack Representation Letter alleges that Hack was seriously injured while riding as a passenger in the Doan Vehicle being operated by James.

17. On November 6, 2017, counsel representing James sent a letter of representation to Grinnell Mutual ("James Representation Letter"). A true and accurate copy of the James Representation Letter is attached as **Exhibit 6**.

18. James alleges that Hack was the driver of the Doan Vehicle at the time of the Accident.

## THE UNDERLYING LAWSUIT

19. On November 29, 2017, Hack filed his Complaint for Damages against James in Marion County, Indiana Superior Court, under Cause No. 49D06-1711-CT-044127 (the "Underlying Lawsuit"). A true and accurate copy of the Complaint for Damages is attached as **Exhibit 7**.

20. The Complaint for Damages alleges that on October 28, 2017, James was operating a motor vehicle on or near South Girls School Road at or near the intersection with North Perimeter Road in Indianapolis, Indiana. (Exhibit 7, ¶ 3).

21. The Complaint for Damages alleges that Hack was a passenger in the vehicle being operated by James. (Exhibit 7, ¶ 4).

22. The Complaint for Damages alleges that James operated the vehicle in a negligent and careless manner causing it to leave the roadway and crash. (Exhibit 7, ¶ 5).

23. The Complaint for Damages alleges that James' negligent acts that caused the Accident include: causing her motor vehicle to leave the roadway; (2) distracted driving; (3) impaired driving; (4) failing to operate her motor vehicle with reasonable care; (5) failure to keep a proper lookout; and (6) failure to obey Indiana's rules of the road. (Exhibit 7, ¶ 6).

24. The Complaint for Damages alleges that as a result of James' negligent acts, Hack has suffered and incurred damages including: (1) personal injuries; (2) past and future pain and suffering; (3) past and future medical expenses; (4) emotional suffering; (5) loss of enjoyment of life; (6) inability to function as a whole person; (7) lost wages; and (8) impaired earning capacity. (Exhibit 7, ¶ 3).

25. Grinnell Mutual has retained counsel on behalf of James to defend James against the allegations in the Complaint for Damages under a reservation of rights.

26. On January 17, 2018, James filed her Counter-Claim for Damages against Hack in the Underlying Lawsuit. A true and accurate copy of the Counter-Claim for Damages is attached as **Exhibit 8**.

27. The Counter-Claim for Damages alleges that on or about October 28, 2017, James was a passenger in a vehicle driving on South Girls School Road at or near its intersection with North Perimeter Road in Marion County, Indiana. (Exhibit 8, ¶ 3).

28. The Counter-Claim for Damages alleges that on or about October 28, 2017, Hack was the operator of the vehicle driving on South Girls School Road at or near its intersection with North Perimeter Road in Marion County, Indiana. (Exhibit 8, ¶ 4).

29. The Counter-Claim for Damages alleges that on or about October 28, 2017, Hack operated the vehicle in a negligent manner causing it to leave the roadway and crash. (Exhibit 8, ¶ 5).

30. The Counter-Claim for Damages alleges that Hack failed to drive in accordance with traffic laws, failed to yield, failed to keep a proper lookout, negligently operated while distracted, negligently operated while impaired, and caused the motor vehicle to leave the roadway. (Exhibit 8, ¶ 6).

31. The Counter-Claim for Damages alleges that as a direct and proximate result of Hack's negligent failure to operate the motor vehicle safely, failure to drive in accordance with traffic laws, James has suffered damages including pain and suffering, medical expenses, lost wages, future pain and suffering, and future medical expenses. (Exhibit 8, ¶ 7).

32. The Counter-Claim for Damages alleges that Hack is liable to James for her damages. (Exhibit 8, ¶ 8).

33. Grinnell Mutual has retained counsel on behalf of Hack to defend Hack against the allegations of the Counter-Claim for Damages under a reservation of rights.

## THE GRINNELL MUTUAL AUTO POLICY

34. Robert Doan is listed as the Named Insured in the Declarations Page of the Grinnell Mutual Auto Policy. (Exhibit 2, Auto Declarations).

35. The grant of coverage under the Grinnell Mutual Auto Policy states as follows:

**INSURING AGREEMENT**

> **A.** We will pay damages for "bodily injury" or "property damage" for which any "insured" becomes legally responsible because of an auto accident. Damages include prejudgment interest awarded against the "insured". We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any claim for "bodily injury" or "property damage" not covered under this policy.
>
> **B.** "Insured" as used in this Part means:

1. You or any "family member" for the ownership, maintenance or use of any auto or "trailer".

2. Any person using "your covered auto".

3. For "your covered auto", any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.

4. For any auto or "trailer", other than "your covered auto", any other person or organization but only with respect to legal responsibility for acts or omissions of you or any "family member" for whom coverage is afforded under this Part. This Provision (B.4.) applies only if the person or organization does not own or hire the auto or "trailer"

(Exhibit 2, PP 00 01 01 05 p. 2 of 13).

36. The Grinnell Mutual Auto Policy provides the following with respect to the transfer of interest in the Grinnell Mutual Policy:

The Grinnell Mutual Policy incorporates a term entitled "TRANSFER OF YOUR INTEREST IN THIS POLICY" under PART F—GENERAL PROVISIONS. This provision states:

**TRANSFER OF YOUR INTEREST IN THIS POLICY**
**A.** Your rights and duties under this policy may not be assigned without our written consent. However, if a named insured shown in the Declarations dies, coverage will be provided for:
  **1.** The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the Declarations; and
  **2.** The legal representative of the deceased person as if a named insured shown in the Declarations. This applies only with respect to the representative's legal responsibility to maintain or use "your covered auto".
**B.** Coverage will only be provided until the end of the policy period.

(Exhibit 2, PP 00 01 01 05, p. 13 of 13).

37. The Grinnell Mutual Auto Policy includes the following relevant definitions:

F. "Family member" means a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child.
…
J. "Your covered auto" means:
1. Any vehicle shown in the Declarations.
…

(Exhibit 2, PP 00 01 01 05 p. 1 of 13).

## COUNT I
### ADREAN HACK IS NOT COVERED UNDER THE GRINNELL MUTUAL AUTO POLICY

38. Grinnell Mutual incorporates its allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. In the absence of policy language to the contrary, an automobile liability policy terminates with the death of the named insured.

40. The Grinnell Mutual Auto Policy provides a limited exception to the general rule that the policy terminates upon the death of the named insured allowing for the transfer of the named insured's interest in the policy to the surviving spouse if a resident in the same household as the named insured at the time of death and to the legal representative of the deceased person, but only with respect to the representative's legal responsibility to maintain or use "your covered auto".

41. Hack was not the spouse of Robert Doan at the time of his death.

42. Hack was not the legal representative of Robert Doan at the time of the Accident.

43. Hack was not acting on behalf of the estate's interests at the time of the Accident.

44. Hack was not acting with respect to the estate's legal representative's legal responsibility to maintain or use "your covered auto" at the time of the Accident.

45. Robert Doan's interest in the Grinnell Mutual Auto Policy was not transferred to Hack at the time of the Accident, and therefore Hack is not entitled to defense or indemnification under the Grinnell Mutual Auto Policy for the Counter-Claim for Damages in the Underlying Lawsuit.

46. Grinnell Mutual seeks a judicial declaration that Grinnell Mutual owes no duty to defend or indemnify Hack under the Grinnell Mutual Auto Policy for the claims made against him by James in the Counter-Claim for Damages in the Underlying Lawsuit.

## COUNT II
## JESSICA JAMES IS NOT COVERED UNDER THE GRINNELL MUTUAL AUTO POLICY

47. Grinnell Mutual incorporates its allegations contained in paragraphs 1 through 46 as if fully set forth herein.

48. In the absence of policy language to the contrary, an automobile liability policy terminates with the death of the named insured.

49. The Grinnell Mutual Auto Policy provides a limited exception to the general rule that an insurance policy terminates upon the death of the named insured, allowing for the transfer of the named insured's interest to the surviving spouse if a resident in the same household as the named insured at the time of death and to the legal representative of the deceased person but only with respect to the representative's legal responsibility to maintain or use "your covered auto".

50. James was not the spouse of Robert Doan at the time of his death.

51. James was not acting on behalf of the estate's interests at the time of the Accident.

52. James was not acting with respect to the legal responsibility to maintain or use "your covered auto" at the time of the Accident.

53. Robert Doan's interest in the Grinnell Mutual Auto Policy were not transferred to James at the time of the Accident, and therefore James is not entitled to defense or indemnification under the Grinnell Mutual Auto Policy.

54. Grinnell Mutual seeks a judicial declaration that Grinnell Mutual owes no duty to defend or indemnify James under the Grinnell Mutual Auto Policy from the claims made against her by Hack in the Complaint for Damages in the Underlying Lawsuit.

## COUNT III

55. Grinnell Mutual incorporates its allegations contained in paragraphs 1 through 54 as if fully set forth herein.

56. Grinnell Mutual seeks a judicial declaration that there is no coverage under the Grinnell Mutual Auto Policy for the losses alleged by Hack against James in the Complaint for Damages in the Underlying Lawsuit under any other terms, conditions, exclusions, limitations, and endorsements of the Grinnell Mutual Auto Policy that may apply.

57. Grinnell Mutual seeks a judicial declaration that there is no coverage under the Grinnell Mutual Auto Policy for the losses alleged by James against Hack in the Counter-Claim for Damages in the Underlying Lawsuit under any other terms, conditions, exclusions, limitations, and endorsements of the Grinnell Mutual Policy that may apply.

WHEREFORE, Grinnell Mutual Reinsurance Company prays that judgment be entered in its favor and against Defendant Hack and Defendant James:

A. Declaring that James was not acting in her capacity as the legal representative of the Estate of Robert Doan at the time of the Accident giving rise to the Underlying Lawsuit, and that as a result there is no coverage under the Grinnell Mutual Auto Policy for the losses alleged by Hack against James in the Complaint for Damages in the Underlying Lawsuit;

B. Declaring that Hack was not the legal representative of the Estate of Robert Doan and was not acting on behalf of the Estate of Robert Doan at the time of the Accident giving rise to the Underlying Lawsuit, and that as a result there is no coverage under the Grinnell Mutual Auto Policy for the losses alleged by James against Hack in the Counter-Claim for Damages in the Underlying Lawsuit;

C. Declaring that Grinnell Mutual does not owe a duty to defend and/or indemnify James in the Complaint for Damages in the Underlying Lawsuit;

D. Declaring that Grinnell Mutual does not owe a duty to defend and/or indemnify Hack in the Counter-Claim for Damages in the Underlying Lawsuit; and

E. Declaring that Grinnell Mutual is entitled to such other and further relief as the Court deems just and proper.

Dated:  February 22, 2018							Respectfully submitted,


									 /s/ James P. Strenski
									James P. Strenski, #18186-53
									Paul D. Mackowski, #30749-49

									*Attorneys for Plaintiff,*
									*Grinnell Mutual Reinsurance Company*


CANTRELL STRENSKI & MEHRINGER LLP
150 West Market Street, Suite 800
Indianapolis, IN 46204
Telephone:	317.352.3500
Facsimile:	317.352.3501
Email:		jstrenski@csmlawfirm.com
		pmackowski@csmlawfirm.com

11